IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Edward W. Nottingham**

Civil Action No. 02–cv–01487–EWN–OES

RONALD G. PIERCE,

    Applicant,

v.

RICK A. SOARES (Ordway Correctional Facility), and
KEN SALAZAR, The Attorney General of the State of Colorado,

    Respondents.

**ORDER ACCEPTING MAGISTRATE JUDGE'S RECOMMENDATION**

    This matter is before the court on the "Recommendation for Dismissal" filed by the assigned magistrate judge on July 2, 2003. While noting that petitioner may not have exhausted his state-court remedies concerning one of the claims, the magistrate judge recommends that the court elect to proceed to the merits of all claims and dismiss them, with prejudice. Petitioner has objected to the recommendation. The court elects to consider the merits and to dismiss the case with prejudice.

    The standard of review which this court employs in considering a magistrate judge's submissions depends upon whether the matter before the court and magistrate judge is viewed as dispositive or non-dispositive. Here, there is no doubt that the ruling suggested by the magistrate judge would dispose of the case. Thus, this court must make a "de novo determination of those

portions of the [recommendation] . . . to which objection is made." *See* 28 U.S.C.A. § 636(b)(1) (West 1993); Fed. R. Civ. P. 72(b). "When conducting de novo review, the district court makes its own determinations of disputed issues and does not decide whether the magistrate's proposed findings are clearly erroneous." *Branch v. Martin*, 886 F.2d 1043, 1046 (8th Cir. 1989)

This *habeas corpus* case comes before the court on a rather complete record of proceedings in the Colorado state courts. In a plea bargain by which he avoided a possible death penalty, petitioner entered guilty pleas to two charges of felony murder, with stipulated consecutive life sentences. It was also agreed that the prosecution would not oppose modification of petitioner's sentences if petitioner cooperated and testified against others who may have been involved in the murders — which he did not do.

Petitioner collaterally attacked his convictions in the Colorado state courts, raising the first four claims which he advances here. The state trial court held an evidentiary hearing on the claims. As the magistrate judge suggests, the applicable standard for this court's review of the state courts' work is specified by federal statute:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
> 
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> 
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.
> 
> (e)

> (1) In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

28 U.S.C. A.§ 2254 (2005).

The court has reviewed petitioner's objections in light of the magistrate judge's recommendation and the record of proceedings before the state courts which have considered his case. Petitioner simply has not met the standard set forth in section 2254. The court has concluded that the magistrate judge's recommendation is a correct application of the facts and the law. Accordingly, it is

**ORDERED** as follows:

1. The recommendation is ACCEPTED.

2. The petition is DISMISSED with prejudice.

3. All other pending motions are DENIED as moot.

DATED this  27th  day of September, 2005.

BY THE COURT:

s/Edward W. Nottingham
EDWARD W. NOTTINGHAM
United States District Judge